THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00222-GCM

| | |
|---|---|
| XPO LOGISTICS, INC., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>PAUL LUCKETT and US 1 LOGISTICS, )<br>LLC )<br>)<br>Defendants. )<br>) | **CONFIDENTIALITY AGREEMENT<br>AND PROTECTIVE ORDER** |

AND NOW, this 17th day of October, 2018, it is hereby STIPULATED and AGREED between Plaintiff, XPO Logistics, Inc. ("XPO" or "Plaintiff"), and Defendants, Paul Luckett ("Luckett"), and US 1 Logistics, LLC ("US 1") (collectively "Defendants" and jointly with Plaintiff, the "Parties"), and it is hereby ORDERED by the Court, that the following terms and conditions shall govern the use and handling of confidential information and documents produced by the Parties in the above-captioned matter ("the Litigation"):

1. All documents and data, including electronically stored information, produced and all information obtained through discovery in the Litigation shall be used only for purposes of litigation between the Parties, and not for competitive business purposes.

2. "Confidential Information" shall mean any and all information produced in the course of discovery or trial which a Party deems to contain trade secrets or other proprietary, technical, financial, or confidential information (including but not limited to design, manufacturing, research, commercial or business information) and which is designated by such Party as "Confidential" or "Confidential - Attorneys' Eyes Only" pursuant to the terms and mechanisms of this Confidentiality Agreement and Protective Order (the "Order"). The following

documents, electronic data, and/or information may be designated as "Confidential" pursuant to this Order: information which a Party contends is confidential business information. The following documents, electronic data, and/or information may be designated as "Confidential – Attorneys' Eyes Only" pursuant to this Order: information which a Party contends to be (a) a trade secret, (b) proprietary business information, or (c) sensitive financial information.

3. To assert a claim that information is "Confidential" or "Confidential - Attorneys' Eyes Only", the Parties shall designate the whole or any part of any documents as such by stamping or imprinting the words "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" upon every page of the produced copies of the document at the time of production. Such designations shall be utilized in good faith and only for such matters as documents disclosing highly sensitive information.

    a. In the case of depositions, including any transcripts or recordings thereof, the Party may designate the deposition as "Confidential" or "Confidential – Attorneys' Eyes Only" after the deposition concludes by notifying the opposing Party in writing that it is making such designation. Such designation shall apply to the deposition and any transcript or other recording thereof. The Party making the designation shall have fifteen (15) days from delivery of the final deposition transcript to make the designation (the "designation period") and until the earlier of receipt of such written notification or the expiration of the designation period, the Parties must provisionally treat the deposition transcripts as "Confidential – Attorneys' Eyes Only." If the Party determines that some or all of the transcript contains Confidential Information, the document shall bear a stamped legend of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" and the specific Confidential Information contained therein shall bear the notation "Confidential" or

2

"Confidential – Attorneys' Eyes Only." Unless the Parties intend to designate all of the information contained within the deposition testimony as "Confidential" or "Confidential – Attorneys' Eyes Only" material, counsel for that Party should indicate in a clear fashion the portion of the testimony which is intended to be designated as "Confidential" or "Confidential – Attorneys' Eyes Only" and such testimony should be segregated or placed in a separate transcript bearing the appropriate designation. Any portion of a transcript discussing materials designated as "Confidential" or "Confidential—Attorneys' Eyes Only" shall be similarly designated.

        b.      Written discovery, motions or pleadings containing or reflecting information designated as "Confidential" or "Confidential – Attorneys' Eyes Only" under this Order shall bear a stamped legend of "CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY - SUBJECT TO PROTECTIVE ORDER" and the specific Confidential Information contained therein shall bear the notation "Confidential" or "Confidential – Attorneys' Eyes Only." If any discovery is produced electronically in native format, the native file name shall include an indication that the native file contains information that is "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," as appropriate. If such written discovery, motion or pleading containing Confidential Information is filed with the Court, only the "Confidential" or "Confidential – Attorneys' Eyes Only" portion of such written discovery or pleading will be filed with the Court in accordance with Paragraph 9 of this Order. The non-confidential portion of any written discovery or pleading will not be subject to the terms of this Order.

        4.      In the event that the producing person inadvertently fails to designate discovery material as "Confidential" or "Confidential – Attorneys' Eyes Only" in the Litigation, it may make such a designation subsequently by notifying all Parties to whom such discovery material was produced, in writing, as soon as practicable. After receipt of such notification, the Parties to whom

PPAB 4456332v1
50183813v.2

production has been made shall treat the designated discovery material as "Confidential" or "Confidential – Attorneys' Eyes Only", subject to their right to dispute such designation in accordance with Paragraph 8 below; provided however that any prior disclosure by the receiving Party of the discovery material before its designation as "Confidential" or "Confidential – Attorneys' Eyes Only" shall not be deemed a violation of this Order.

5. Materials designated as "Confidential" may only be disclosed or made available by the Party receiving such information to the following individuals provided that such individuals are informed of the terms of this Order:

    (a) the employees or officers of the Parties to the Litigation who are working with counsel in the Litigation and need to review the documents in order to provide assistance to counsel in the Litigation;

    (b) legal counsel for the Parties, including in-house counsel, and paralegals, investigators, consultants, litigation support vendors, or attorneys working with, retained, or employed by legal counsel in connection with the Litigation;

    (c) expert witnesses or consultants retained by the Parties to assist in the preparation of the case;

    (d) any witness who is deposed under oath in this matter to whom disclosure is reasonably necessary, provided (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless otherwise agreed by the designating party or ordered by the Court;

    (e) the author or recipient of such materials or a custodian or other person who otherwise possessed or knew the information contained within the materials;

    (f) court reporters, videographers or stenographers at depositions; and,

    (g) the Court.

6. Materials designated as "Confidential - Attorneys' Eyes Only" may only be disclosed or made available by the Party receiving such information to the individuals referred to in paragraphs (b), (c), (d), (e), (f), and (g) in Paragraph 5 provided that such individuals are informed of the terms of this Order.

4

7. The persons referred to under sub-paragraphs (a), (c), (d), and (e) of Paragraph 5 shall be furnished "Confidential" information only after they have agreed in writing, in the form annexed hereto as "Exhibit A", to be bound by the terms of this Order. Outside counsel for the Parties shall maintain copies of the aforementioned written agreements.

8. In the event counsel for the Party receiving materials designated as "Confidential" or "Confidential - Attorneys' Eyes Only" objects to the designation, said counsel shall advise the Party producing the materials, in writing, preferably by electronic mail, of such objection and the reasons therefore. Pending resolution of the dispute, all of the materials shall be treated as designated. Counsel will attempt to resolve the dispute within three (3) business days. If the dispute cannot be resolved among counsel, the Party objecting to the designation of a document as "Confidential" or "Confidential - Attorneys' Eyes Only" shall submit a motion objecting to such designation with the Court. The burden to sustain the designation "Confidential" or "Confidential - Attorneys' Eyes Only" is upon the designating Party.

9. Material containing Confidential Information shall not be filed with the Court unless it is necessary to do so for purposes of trial, motions for summary judgment, other motions or appeals. Any party wishing to file, in connection with a motion, brief or other submission to the Court, a document or materials, including but not limited to, transcripts of depositions, exhibits, physical evidence, answers to interrogatories or requests for admissions, briefs and memorandum, which comprise or contain material designated as "Confidential" or "Confidential – Attorneys' Eyes Only" or information taken therefrom, must comply with local rules of the Court regarding filing under seal. Notwithstanding the foregoing, a copy of such filing having the confidential information redacted or deleted therefrom may be made part of the public record.

10. Any non-party may subscribe to the terms and protections of this Order only after they have reviewed the Order and have agreed in writing, in the form annexed hereto as "Exhibit

5

A", to be bound by the terms of this Order. The non-party may designate materials containing Confidential Information that the non-party is producing as "Confidential" or "Confidential – Attorneys' Eyes Only" subject to the specifications of Paragraph 3 of this Order.

11. No disclosure shall waive any rights or privileges of any Party granted by this Order.

12. This Order shall not enlarge or affect the proper scope of discovery in the Litigation or any other litigation, nor shall this Order imply that discovery material designated as "Confidential" or "Confidential - Attorneys' Eyes Only" under the terms of this Order is properly discoverable, relevant or admissible in the Litigation or any other litigation.

13. The entry of this Order shall be without prejudice to the rights of the Parties, or any one of them, or of any non-party to assert or apply for additional or different protection from the Court at their discretion.

14. The terms of this Order shall survive and remain in effect after the termination of the Litigation. The Parties shall take such measures as are necessary and appropriate to prevent the public disclosure of Confidential Information, through inadvertence or otherwise, after the conclusion of the Litigation. The ultimate disposition of protected materials shall be subject to a final order of the court upon completion of the litigation.

15. This Order has no effect upon, and shall not apply to, a Party's use or disclosure of its own Confidential Information for any purpose.

16. Inadvertent production of documents subject to work-product immunity, the attorney-client privilege or other legal privilege protecting information from discovery shall not constitute a waiver of the immunity or privilege, provided that the producing Party shall promptly notify the receiving Party in writing of such inadvertent production. If reasonably prompt notification is made, such inadvertently produced documents and all copies thereof, as well as all

6

notes or other work product reflecting the contents of such materials, shall be returned to the producing Party or permanently destroyed, upon request, and such returned or destroyed material shall be deleted from any litigation-support or other database.  No use shall be made of such documents during deposition or at trial, nor shall they be shown to anyone who was not given access to them prior to the request to return or destroy them.  The Party returning such material then may move the Court for an order compelling production of the material, but such motion shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

17. Within forty-five (45) days after receiving notice of the entry of an order, judgment or decree finally disposing of the Litigation (including any appeal therefrom), or such longer period of time upon which the Parties may agree, all persons having received material or information containing information designated as "Confidential" or "Confidential – Attorneys' Eyes Only," except as provided below, shall destroy all copies of such material in any form it is maintained including but not limited to paper, hard drives, network drives, off-site electronic storage, and internet storage services; and certify in writing to the Parties that all copies of such documents have been destroyed.  Counsel for the Parties shall be entitled to retain court papers, deposition and trial transcripts and attorney work product containing Confidential Information; provided that such counsel, and employees of such outside counsel, shall not disclose such court papers or attorney work-product to any person except pursuant to court order or agreement of the Parties. This provision shall not require the Court's return of any documents filed with the Court.

PPAB 4456332v1
50183813v.2

SO ORDERED.

Signed: October 17, 2018

Graham C. Mullen
United States District Judge

PPAB 4456332v1
50183813v.2

**CONSENTED TO:**

_____
By its attorneys,

_____


_____
By its attorneys,

_____

_____

This the \_\_\_\_\_ day of _____.

PPAB 4456332v1
50183813v.2

**THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:18-CV-00222-GCM**

| | |
|---|---|
| XPO LOGISTICS, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| PAUL LUCKETT and US 1 LOGISTICS, LLC | ) |
| | ) |
| Defendants. | ) |
| | ) |

# **EXHIBIT A**

PPAB 4456332v1
50183813v.2

**THE UNITED STATES DISTRICT COURT FOR**
**THE WESTERN DISTRICT OF NORTH CAROLINA**
**CHARLOTTE DIVISION**
**CIVIL ACTION NO. 3:18-CV-00222-GCM**

| | |
|---|---|
| XPO LOGISTICS, INC., )<br>)<br>      Plaintiff, )<br>)<br>v. )<br>)<br>PAUL LUCKETT and US 1 LOGISTICS, )<br>LLC )<br>)<br>      Defendants. )<br>_____ ) | **ACKNOWLEDGEMENT OF PROTECTIVE ORDER** |

      I _____ hereby affirm that:

      1.    Information, including documents and things designated as "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEYS' EYES ONLY" (collectively "Confidential Information") as defined in the Confidentiality Agreement and Protective Order ("Protective Order") entered in the above-captioned action, is being provided to me pursuant to the terms and restrictions of the Protective Order.

      2.    As a prior condition to me being permitted to receive, see or review any Confidential Information, I have been give a copy of the aforementioned Protective Order, I have read it and I agree to be bound by its terms.

      3.    I understand that the Protective Order is a Court Order which is legally binding upon me. I hereby agree to submit to the jurisdiction of the_____, North Carolina for enforcement of any claimed violation of the terms of the Protective Order or this Acknowledgement, and agree that such jurisdiction shall survive the termination of this action.

      4.    I agree not to use any Confidential Information disclosed to me pursuant to the Protective Order except for purposes of the above-referenced litigation and not to disclose such

11

PPAB 4456332v1
50183813v.2

information to persons other than those specifically authorized by the Protective Order, without the express written consent of the Party who designated such information "Confidential" or "Confidential—Attorneys Eyes Only" or by Order of this Court. I also agree to notify any stenographic, clerical or technical personnel who are required to assist me of the terms of this Protective Order and its binding effect on them.

5. I understand that I am to retain all documents or materials designated as Confidential Information in a secure manner, and that all such documents and materials are to remain in my personal custody until the completion of my assigned duties in this matter, whereupon all such documents and materials, including copies thereof, and any writings prepared by me containing any Confidential Information are to be permanently destroyed or returned to counsel who provided me with such documents and materials.

_____

PPAB 4456332v1
50183813v.2